IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMILIO YBARRA,

    Petitioner,

v.                                                                                      No. 23-cv-00193-JB-JMR

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,
DWAYNE SANTISTEVAN, LEA
COUNTY CORRECTIONAL FACILITY,

    Respondents.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Petitioner Emilio Ybarra's Amended 28 U.S.C. § 2254 habeas petition (Doc. 5) (Amended Petition). Ybarra challenges his 2009 convictions for criminal sexual contact of a minor, alleging due process violations, ineffective assistance of counsel, double jeopardy, and other errors. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Ybarra to show cause why his Petition should not be dismissed for failure to exhaust state court remedies.

## I.   BACKGROUND[1]

In 2009, Ybarra pled guilty to three counts of criminal sexual contact of a minor under the age of 13 and two counts of attempt to commit criminal sexual contact of a minor under the age of 13. *See* Doc. 1 at 1; No. D-307-CR-2009-00192, Guilty Plea/Judgment (12/07/2009). On December 7, 2009, the state court entered a judgment sentencing him to 66 years imprisonment.

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Ybarra's state court criminal dockets, Nos. D-307-CR-2009-00192, A-1-CA-38817, S-1-SC-38262, S-1-SC-39209. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

*See* No. D-307-CR-2009-00192, Guilty Plea/Judgment (the "Judgment").

On April 2, 2018, Ybarra filed a pleading styled as a motion for reconsideration of his sentence, which the state district court construed as a state habeas petition. *See* No. D-307-CR-2009-00192, Motion/Petition to Reopen (4/2/2018). The state district court summarily dismissed the petition on October 30, 2018. *See id.*, Order of Dismissal (10/30/2018). On February 10, 2020, Ybarra filed a notice of appeal in the state district court, seeking to challenge his 2009 conviction. *See* No. D-307-CR-2009-00192, Notice of Appeal to Court of Appeals/Supreme Court (2/10/2020). Ybarra filed two motions seeking to extend the deadline within which he was required to file a docketing statement in the Court of Appeals  *See* No. A-1-CA-38817, Motion (3/12/2020) and Motion (4/6/2020). The Court of Appeals entered an order granting the first extension with the caveat that the order had "no bearing on whether [the] Court has jurisdiction to hear [the] appeal." *See id.*, Order (3/18/2020). Without ruling on the second extension motion, the Court of Appeals issued an Order of Transfer, stating that it lacked jurisdiction to consider an appeal denying habeas relief, and that the case should be transferred to the New Mexico Supreme Court ("NMSC"). *See id.*, Order of Transfer (4/22/2020). The NMSC summarily reversed the transfer order and remanded the matter to the Court of Appeals on January 26, 2022. *See* No. S-1-SC-38262, Order Denying Transfer (1/26/2022). On March 10, 2022, the Court of Appeals entered an order dismissing the appeal as untimely. *See* No. A-1-CA-38817, Order Dismissing Appeal (3/10/2022).

In the interim, while the 4/22/2020 transfer order was pending in the NMSC, Ybarra filed a second habeas petition in the state district court. *See* No. D-307-CR-2009-00192, Habeas Corpus Petition (1/13/2021). On December 15, 2021, the district court granted the petition, in part,

vacating one count of attempt to commit criminal sexual contact of a minor on double jeopardy grounds, and reducing Ybarra's prison sentence from 66 to 63 years. *See id.*, Order Writ of Habeas Corpus (12/15/2021). Seeking expanded habeas relief, Ybarra filed a motion to reconsider in the state district court on January 20, 2022. *See id.*, Motion to Reconsider (1/27/2022).

At the same time, he also filed a motion in the NMSC seeking an extension of time within which to file a petition for a writ of certiorari. *See* No. S-1-SC-39209, Motion for Extension of Time to File Petition (1/20/22). The NMSC granted the motion, setting a deadline of March 9, 2022, to file a petition. *See id.*, Order Granting Extension Request (2/7/2022).

On January 27, 2022, the state district court denied Ybarra's motion for reconsideration. *See* No. D-307-CR-2009-00192, Order Denying Motion to Reconsider (1/27/2022). On March 11, 2022, Ybarra filed a second motion seeking an extension of time to file a petition for a writ of certiorari in the NMSC. *See* No. S-1-SC-39209. The NMSC denied the motion and dismissed the case for failure to timely file a petition on March 29, 2022. *See id.*, Order Dismissing (3/29/2022).

Ybarra commenced this federal habeas case on March 6, 2023, by filing a handwritten habeas petition. (Doc. 1). He filed the Amended Petition presently before the Court on July 24, 2023. (Doc. 5). In the Amended Petition, Ybarra challenges the validity of his conviction on the grounds of ineffective assistance of counsel, double jeopardy, due process violations, and cumulative error. Ybarra paid the $5 filing fee, and the matter is ready for initial review.

**II.   ANALYSIS**

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court,

either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Further, if a habeas petitioner believes that his or her federal claims are somehow procedurally barred by the state court he or she must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008). *See also United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies . . . may be raised by a court *sua sponte*.").

      The Amended Petition and the state court dockets confirm that Ybarra did not previously, properly present the issues raised in the Amended Petition to the NMSC, the state of New Mexico's highest court, either by direct review of the conviction or in a postconviction attack. Instead, he filed the § 2254 Petition and Amended Petition shortly after the NMSC dismissed his case for failure to file a timely petition. Alternatively, Ybarra has failed to demonstrate cause and actual prejudice as a result of the alleged violation(s) of federal law, or demonstrate that failure of this Court to consider his claims will result in a fundamental miscarriage of justice. Ybarra has not met the federal exhaustion requirement.

### III.  CONCLUSION

For the reasons above, **IT IS ORDERED** that within thirty days of the entry of this Order, Ybarra must show cause in writing why any § 2254 claims should not be dismissed without prejudice for failure to exhaust state remedies. Failure to timely respond will result in dismissal of this action without further notice.

_____
UNITED STATES MAGISTRATE JUDGE