**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EMILIO YBARRA,

        Petitioner,

vs.                                                                      No. CIV 23-0193 JB/JMR

ATTORNEY GENERAL FOR THE STATE
OF NEW MEXICO; DWAYNE
SANTISTEVAN and LEA COUNTY
CORRECTIONAL FACILITY,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Amended Petition Under 28 U.S.C. § 2254

for Writ of Habeas Corpus by a Person in State Custody, filed July 24, 2023 (Doc. 5)("Amended

Petition").   Petitioner Emilio Ybarra challenges his 2009 convictions for criminal sexual contact

of a minor by alleging due process violations, ineffective assistance of counsel, double jeopardy,

and other errors.   See Amended Petition at 3.   The Honorable Jennifer M. Rozzoni, United States

Magistrate Judge for the United States District Court for the District of New Mexico, ordered

Ybarra to show cause why the Court should not dismiss his habeas claims for failing to exhaust

state remedies, as 28 U.S.C. § 2254(b)(1)(A) requires.   See Memorandum Opinion and Order to

Show Cause, filed March 25, 2024 (Doc. 8)("Show Cause Order").   Ybarra failed to respond

timely to the Show Cause Order.   The Court will therefore dismiss this matter without prejudice

for failure to exhaust state remedies.

**BACKGROUND**

    The Court takes the following background facts from the Amended Petition and from

Ybarra's New Mexico State Court dockets.   See State of New Mexico v. Emilio Ybarra, D-307-

CR-2009-00192 (2009)("State District Case"); <u>State v. E. Ybarra</u>, A-1-CA-38817 (2020)("State Appeals Case"); <u>Ybarra v. State</u>, S-1-SC-39209 (2022)("State Supreme Court Case").   The State dockets are subject to judicial notice.   <u>See</u> <u>United States v. Ahidley</u>, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(recognizing that courts have "discretion to take judicial notice of publicly filed records in . . . certain other courts concerning matters that bear directly upon the disposition of the case at hand").

In 2009, Ybarra pled guilty to three counts of criminal sexual contact of a minor under the age of thirteen and two counts of attempt to commit criminal sexual contact of a minor under the age of 13, and, on December 7, 2009, the State court entered a judgment sentencing him to sixty-six years' imprisonment.   <u>See</u> Amended Petition at 1; State District Case, Guilty Plea/Judgment (December 7, 2009).   On April 2, 2018, Ybarra filed a Motion for Reconsideration of Sentence, which the State district court construed as a State habeas petition. <u>See</u> State District Case, Motion/Petition to Reopen (April 2, 2018).   The State district court summarily dismissed the petition on October 30, 2018.   <u>See</u> State District Case, Order of Dismissal (October 30, 2018).

On February 10, 2020, Ybarra filed a notice of appeal in the State district court, seeking to challenge his 2009 conviction.   <u>See</u> State District Case, Notice of Appeal to Court of Appeals/Supreme Court (February 10, 2020).   Ybarra filed two motions seeking to extend the deadline within which he was required to file a docketing statement in the New Mexico Court of Appeals.   <u>See</u> State Appeals Case, Motion (March 12, 2020); State Appeals Case, Motion (April 6, 2020).   The Court of Appeals entered an order granting the first extension, with the caveat that the order had "no bearing on whether [the] Court has jurisdiction to hear [the] appeal."   State Appeals Case, Order (March 18, 2020).   Without ruling on the second extension motion, the Court

of Appeals issued an Order of Transfer, stating that it lacked jurisdiction to consider an appeal denying habeas relief, and that the case should be transferred to the Supreme Court of New Mexico. See State Appeals Case, Order of Transfer (April 22, 2020).   The Supreme Court summarily reversed the transfer order and remanded the matter to the Court of Appeals on January 26, 2022. See State Supreme Court Case, Order Denying Transfer (January 26, 2022).   On March 10, 2022, the Court of Appeals entered an order dismissing the appeal as untimely.   See State Appeals Case, Order Dismissing Appeal (March 10, 2022).

In the interim, while the transfer order was pending in the Supreme Court, Ybarra filed a second habeas petition in the State district court.   See State District Case, Habeas Corpus Petition (January 13, 2021).   On December 15, 2021, the district court granted the petition in part, vacating one count of attempt to commit criminal sexual contact of a minor on double jeopardy grounds, reducing Ybarra's prison sentence from sixty-six to sixty-three years.   State District Case, Order Writ of Habeas Corpus (December 15, 2021).   Seeking expanded habeas relief, Ybarra filed a Motion to Reconsider in the State district court on January 20, 2022.   State District Case, Motion to Reconsider (January 27, 2022).   At the same time, he also filed a motion in the Supreme Court seeking an extension of time within which to file a petition for a writ of certiorari.   See State Supreme Court Case, Motion for Extension of Time to File Petition (January 20, 2022).   The Supreme Court granted the motion, setting a deadline of March 9, 2022, to file a petition.   State Supreme Court Case, Order Granting Extension Request (February 7, 2022).   On January 27, 2022, the district court denied Ybarra's Motion for Reconsideration.   See State District Case, Order Denying Motion to Reconsider (January 27, 2022).   On March 11, 2022, Ybarra filed a second motion seeking an extension of time to file a petition for a writ of certiorari in the Supreme

Court.   See State Supreme Court Case, Motion for Extension of Time (March 11, 2022).   The Supreme Court denied the motion and dismissed the case for failure to timely file a petition.   See State Supreme Court Case, Order Dismissing (March 29, 2022).

Ybarra commenced this federal habeas case on March 6, 2023, by filing a handwritten Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed March 6, 2023 (Doc. 1). Ybarra filed the Amended Petition presently before the Court on July 24, 2023.   Amended Petition at 1.   In the Amended Petition, Ybarra challenges the validity of his conviction on the grounds of ineffective assistance of counsel, double jeopardy, due process violations, and cumulative error. Amended Petition at 3.   The Court referred the matter to Magistrate Judge Rozzoni for recommended findings and disposition, and to enter non-dispositive orders.   See Order of Reference Relating to Prisoner Cases, filed March 8, 2023 (Doc. 2).   On March 25, 2024, Judge Rozzoni entered the Show Cause Order, requiring Ybarra to show cause why the Court should not dismiss Ybarra's § 2254 claims for failure to exhaust state remedies.   See Show Cause Order at 1. The deadline for Ybarra to respond expired on April 24, 2024.   Ybarra did not file a show cause response or otherwise respond to the Show Cause Order.

## LAW REGARDING § 2254 AND EXHAUSTION OF STATE REMEDIES

Section 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).   When a State prisoner challenges his custody and, by way of relief, seeks to vacate his sentence and obtain immediate or speedy release, his sole federal remedy is a writ of habeas corpus.   See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Henderson v. Sec'y of Corr.,

- 4 -

518 F.2d 694, 695 (10th Cir. 1975).

A court generally may not grant a writ of habeas corpus unless the applicant has exhausted State remedies.   See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).   "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."   Dever v. Kansas State Penitentiary, 36 F.3d at 1534. "'Fair presentation', in turn, requires that the petitioner raise in state court the 'substance' of his federal claims."   Williams v. Trammell, 782 F.3d 1184, 1210 (10th Cir. 2015)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).   "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief."   Dever v. Kansas State Penitentiary, 36 F.3d at 1534.   See Fairchild v. Workman, 579 F.3d 1134, 1149 (10th Cir. 2009)("'A claim is more than a mere theory on which a court could grant relief; a claim must have a factual basis, and an adjudication of that claim requires an evaluation of that factual basis.'" (quoting Wilson v. Workman, 577 F.3d 1284, 1291 (10th Cir. 2009))).   The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."   Duckworth v. Serrano, 454 U.S. 1, 3 (1981).   See 28 U.S.C. § 2254 (allowing a writ of habeas corpus in the absence of state remedy exhaustion only if "there is an absence of available State corrective process" or "such circumstances exist that render such process ineffective to protect the rights of the applicant").

"Sua sponte consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the petition's face.   United States v. Mitchell, 518 F.3d 740, 746

n.8 (10th Cir. 2008).   As the United States Court of Appeals for the Tenth Circuit has explained, "habeas proceedings are different from ordinary civil litigation and, as a result, [the] usual presumptions about the adversarial process may be set aside."   United States v. Mitchell, 518 F.3d 740, 746 (10th Cir. 2008).   Likewise, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997, and amended on February 1, 2010 (hereinafter, "Habeas Corpus Rules"), requires sua sponte review of habeas petitions.   "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition."   Habeas Corpus Rule 4.   "If the petition is not dismissed, the judge must order the respondent to file an answer . . . ."   Habeas Corpus Rule 4.

## ANALYSIS

As noted above, the court cannot reach the merits of a petitioner's habeas claims unless "the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."   Dever v. Kansas, 36 F.3d at 1534.   Courts must dismiss habeas claims without prejudice where the "petitioner's failure to exhaust is clear from the face of the petition," Allen v. Zavaras, 568 F.3d 1197, 1201 (10th Cir. 2009), and no other § 2254 exceptions to the exhaustion rule apply, see Kilgore v. Attorney Gen. of Colorado, 519 F.3d 1084, 1089 (10th Cir. 2008)(clarifying that sua sponte dismissal is permitted where the procedural defect is "clear from the face of the petition itself").   The Petition and the State court dockets confirm that Ybarra did not present properly the issues that he raises in the Petition to the Supreme Court, the State of New Mexico's highest court, either by direct review of the conviction or in a postconviction attack.   Instead, he filed the § 2254 Petition shortly after the Supreme Court dismissed his case for failure to file a timely petition.   Ybarra therefore has not met the exhaustion

- 6 -

requirement.   The Court therefore will dismiss this matter without prejudice.

The Court also will deny a Certificate of Appealability.   Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A Certificate of Appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this showing, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   Slack v. McDaniel, 529 U.S. 473, 484 (2000).   The Court concludes that this ruling is not reasonably debatable and will deny a Certificate of Appealability.

**IT IS ORDERED** that: (i) Ybarra's Amended Habeas Petition Under 28 U.S.C. § 2254, filed July 24, 2023 (Doc. 5), is dismissed without prejudice; (ii) a certificate of appealability is denied; and (iii) the Court will enter a separate Final Judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Emilio Ybarra
Hobbs, New Mexico

        *Petitioner pro se*

- 7 -